NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DION NAPIER, | Civil Action No. 17-4152 (BRM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CITY OF NEW BRUNSWICK, et al. | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff Dion Napier's (Plaintiff) motion to amend his Complaint in order to add three Defendants and make certain additional substantive changes to the allegations contained in the original Complaint. [Docket Entry No. 18]. Defendants City of New Brunswick, City of New Brunswick Police Department, Police Director Anthony Caputo, Police Officer Johnathan Rivera and Police Officer Michael Powers (collectively "Defendants") oppose Plaintiff's motion. The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1 (b). For the reasons set forth more fully below, Plaintiff's motion to amend is GRANTED in part and DENIED in part.

**I.  Background and Procedural History**

This is a civil rights matter that arises out of Plaintiff's arrest on or about December 8, 2015. Plaintiff claims that the officers who arrested him, Defendants Rivera and Powers, used excessive force in effectuating his arrest, resulting in Plaintiff suffering from fractured ribs and a

pneumothorax.  Plaintiff further alleges that despite his continued complaints about his injuries, he was denied appropriate medical treatment by Defendants after having been arrested and then jailed at the City of New Brunswick Police Department without any assistance from any employee of the City of New Brunswick Police Department.  Based on the foregoing, Plaintiff asserts several causes of action against Defendants as well as ABC Corp. 1-2 and John Doe 1-10.

The Court conducted an Initial Pretrial Conference in this matter on August 21, 2017.  Thereafter, on August 22, 2017, it entered a Scheduling Order.  (Docket Entry No. 9).  Pursuant to the Court's Scheduling Order, any motion to amend the pleadings and/or join new parties had to be filed by December 8, 2017.  Plaintiff did not file his motion to amend before that deadline expired, nor did Plaintiff request an extension of the filing deadline.  Instead, Plaintiff filed the instant motion to amend on May 11, 2018, approximately 5 months after the motion was due.

Plaintiff argues that the delay in filing his motion to amend resulted in large part from not receiving relevant discovery until March 2018 because his "adversary had sent the discovery in question to a previous address."  (Pl. MTA at 1; Docket Entry No. 18).  Plaintiff also notes that the information he received earlier in the case through Defendants' FED.R.CIV.P. ("Rule") 26 disclosures and the NBPO Detainee Supervision and Case Sheet did not identify by name the individuals who were depicted in the produced videos or who monitored Plaintiff.

Through his motion, Plaintiff seeks to add three Defendants to his Complaint:  Sergeants James Bobadilla, Marc Acevedo and Royce Cradic.  Though not explicitly mentioned in Plaintiff's brief, Plaintiff also seeks to amend various substantive allegations in the Complaint and add two counts to his Complaint.  Plaintiff argues that his motion should be granted as it will not prejudice Defendants since the "gravamen of the case has not changed in any way[,]" the facts alleged are already known to Defendants and the parties are still in discovery.  (*Id*. at 3).

2

Plaintiff also claims that there has not been any undue delay as his "amendment was timely sought."  (*Id*.)  In this regard, Plaintiff contends he was diligent in seeking to amend because "[o]nce Plaintiff established the parties it believed that were responsible for monitoring the Plaintiff, the Plaintiff filed the Amended Complaint."  (Pl. Reply at 4; Docket Entry No. 27).  Indeed, Plaintiff notes that even Defendants admit that the names of the persons who monitored Plaintiff were not disclosed until March 2018, well after the motion to amend deadline.  (*See id.*)  Plaintiff argues that the 8 week delay between obtaining this discovery and filing the motion to amend is in no way undue or prejudicial to Defendants.  Plaintiff stresses that there will be no hardship for Defendants because Plaintiffs' claims remain essentially the same, there have been no drastic revisions, and the added Defendants simply replace the John Does identified in the original Complaint.  (*Id*. at 4-5).

Defendants, however, oppose Plaintiff's motion to amend.  Defendants argue that Plaintiff's motion should be denied as it was filed after the deadline for such motions had past and Plaintiff has not established good cause for failing to abide by the deadline set by the Court as required by Rule 16(b)(4).  Defendants contend that Plaintiff was well aware of the fact that he would seek to amend his Complaint prior to the deadline for such motions expiring, yet he never sought an extension of the deadline.  In this regard, Defendants claim that at least as early as September 5, 2017, when Defendants served their Rule 26 disclosures, Plaintiff was put on notice that there were several officers, apart from the individually named officers who arrested Plaintiff, who performed "cell checks" during Plaintiff's incarceration at the New Brunswick Police Department. (Def. Opp. at 1, ¶ 10).  Defendants argue that this was further confirmed by their production of the NBPD Detainee Supervision and Care Sheet on December 20, 2017 and by Plaintiff's own request made on February 24, 2018 for the identities of the of the officers who

signed the NBPD Detainee Supervision and Care Sheet.[1]  Defendants argue that despite the fact that Plaintiff knew he would seek to amend his Complaint to add additional defendants, Plaintiff never sought to extend the deadline for moving to amend, not before the deadline passed, nor afterward.  Defendants argues that this establishes a lack of diligence on Plaintiff's part.

Defendants further argue that Plaintiff's lack of diligence is evident from the fact that Plaintiff waited two months from receiving the NBPD Detainee Supervision and Care Sheet before he asked Defendants to provide the names of the officers identified therein.  Moreover, Defendants note that despite the fact that they provided the names to Plaintiff in approximately one week, Plaintiff waited almost two months to file the instant motion to amend.  In light of the foregoing, Defendants argue that Plaintiff has not established the good cause necessary to permit his motion to proceed at this time.

Further, Defendants argue that even if the Court finds good cause to hear the motion now, despite the fact that it was filed out of time, Plaintiff's motion should be denied under Rule 15(a) because it is the product of undue delay and would be unfairly prejudicial to Defendants.  With respect to undue delay, Defendants argue that Plaintiff could have requested an extension of the deadline to move to amend 8 months prior to filing his motion.  Moreover, they claim that Plaintiff "had sufficient information to amend with the names of Sgt. Acevedo, Sgt. Bobadilla, and Sgt. Cradic on or about March 15, 2018" yet "waited nearly (8) weeks to file this motion." (*Id*. at 10).  Defendants argue that this delay is unacceptable.

In addition, Defendants argue that they will be unfairly prejudiced if Plaintiff is permitted to amend his Complaint now.  In this regard, Defendants argue that "[t]he inclusion of the aforementioned additional direct defendants in this lawsuit would necessitate the assignment of

---
[1] The officers were identified by badge numbers, not names, on the NBPD Detainee Supervision and Care Sheet.

4

additional counsel, thereby expending additional taxpayer monies and rewarding Plaintiff's futile assertions against the additional named Defendants." (*Id*. at 11). Defendants note that they will have to engage in additional discovery. They further note, that despite Plaintiff's assertion that he is only seeking to add three defendants, through his Amended Complaint Plaintiff also seeks to make substantive changes to his allegations, expanding the Complaint itself. In this regard, Defendants point out that Plaintiff seeks to add two additional counts to his Complaint. They also argue that the Amended Complaint contains additional "long-winded" allegations. (*See id.*)

Lastly, without a citation to any authority, Defendants "mention[] that any state law tort claims against individually-named officers are likely to be futile as they would not survive a motion to dismiss in that Plaintiff failed to identify the newly proposed Defendant Officers in his Notice of Claim." (*Id*. at 12).

In his reply to Defendants' opposition, Plaintiff, in addition to further explaining why his proposed amendments are appropriate under Rules 16(b) and 15(a), also perfunctorily, in the very last substantive paragraph of the reply, seeks permission to make additional new amendments to his Complaint. Specifically, Plaintiff asks to add three additional police officers as defendants: Officers Ganzer and Scassera, and Lt. Yurkovic. Plaintiff states that he "did not appreciate the culpability of the officers until the emphasis placed on th[em,]" arguing that "[i]t was unclear when this information was first provided in NBPD Confidential 000064, the importance of the role these offices played in the Plaintiff's care while in jail." (Pl. Reply at 8). In support of his request to add these additional officers Plaintiff simply "reiterates its arguments as stated above that there has not been an undue delay in naming" them. (*Id.*)

Defendants take issue with Plaintiff's attempt to add additional Defendants to this case by way of his reply brief. Defendants argue that Plaintiff's request should be stricken pursuant to

5

*Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F.Supp. 447, 458 (D.N.J. 1998) (*See* Def. Sur-Reply at 1-2; Docket Entry No. 34). Plaintiff disagrees and asks that the Court permit all of his proposed amendments.

**II.    Analysis**

Because Plaintiff filed his motion to amend after the December 8, 2017 deadline set by the Court, in addition to meeting the liberal amendment standards set forth in Rule 15(a)(2), Plaintiff must meet the more demanding "good cause" standard required by Rule 16(b)(4). The Court has broad "discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." *Phillips v. Greben*, Civil No. 04-5590 (GEB), 2006 WL 3069475, *6 (D.N.J. Oct. 27, 2006). Whether good cause exists depends on the diligence of the moving party. Rule 16(b) advisory committee's note; *Hutchins v. United Parcel Service, Inc.*, No. 01-CV-1462 WJM, 2005 WL 1793695, *3 (D.N.J. July 26, 2005). The movant may establish good cause by demonstrating that "their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Phillips*, 2006 WL 306945, at *6 (quoting *Newton v. Dana Corp. Parish Div.*, No. CIV. A. 94-4958, 1995 WL 368172, *1 (E.D.Pa. June 21, 1995) (internal quotation marks and citation omitted)). Though a close question, the Court finds that there is good cause to examine Plaintiff's initial request to amend under the amendment standards set forth in Rule 15(a)(2).

Plaintiff's failure to timely move to amend to add Sergeants Bobadilla, Acevedo and Cradic as defendants stemmed largely from the fact that Defendants had not identified the names of these officers in discovery prior to the expiration of the Court's deadline for motions to amend. It appears that Plaintiff presumed the deadline would be extended until the discovery

6

was provided.  Defendants, however, are correct:  Plaintiff was well aware prior to the expiration of the December 8, 2017 deadline that other officers besides the named Defendants were involved with monitoring Plaintiff during his incarceration.  Defendants are also correct:  given that knowledge, Plaintiff could have easily sought an extension of the deadline to move to amend prior to its expiration.  Indeed, this would have been the better course of practice as the "Court's scheduling orders are integral to the management of its docket, and disregarding them because of inferred extensions . . . undermines their utility." *Estate of Harrison v. Trump Plaza Hotel & Casino*, Civil No. 12-6683 (RBK/KMW), 2015 WL 6951691, *2 (D.N.J. Nov. 10, 2015).

  Nevertheless, Defendants should have identified Sergeants Bobadilla, Acevedo and Cradic by name much earlier in this case than they did.  Indeed, these individuals certainly were "likely to have discoverable information" and, as such, Defendants should have provided Plaintiff with their names, and, if known, their addresses and telephone numbers as part of their Initial Disclosures required by Rule 26(a)(1).  Notably, Defendant's Initial Disclosures were due on September 18, 2017.   While Defendants made their Initial Disclosures on September 5, 2018, they did not identify Sergeants Bobadilla, Acevedo or Cradic by name therein.  Further, while Defendants produced the NBPD Detainee Supervision and Care Sheet on December 20, 2017, they again did not provide the names of the officers (who were identified only by badge number therein) in their production.  Defendants fault Plaintiff for waiting approximately two months after receiving the NBPD Detainee Supervision and Care Sheet to request the names of the officers.  Plaintiff, however, never should have been forced to make such a request.  Instead, Defendants should have identified these officers by name as part of their Initial Disclosures.  While Plaintiff would have been better served by requesting an extension of the filing deadline for motions to amend / join new parties prior to its expiration, under these circumstances, the

7

Court finds that Plaintiff's failure to comply with the December 8, 2017 deadline for motions to amend is understandable. As a result, the Court finds that Plaintiff has established good cause to permit his original motion to amend to be considered under Rule 15(a) now.

Pursuant to Fed.R.Civ.P. 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend under Rule 15(a)(2), "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *See Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).[2]

Here, the Court finds that Plaintiff's initial request to amend his Complaint to add Sergeants Bobadilla, Acevedo and Cradic as defendants and to make certain substantive changes to the Complaint, including adding two counts, is warranted. In this regard, for the same reasons the Court found that good cause exists to permit Plaintiff's motion to be considered now, the Court finds that Plaintiff did not unduly delay in seeking to amend. Simply put, Defendants should have identified by name all officers involved in the arrest and incarceration of Plaintiff early in this case as part of their Initial Disclosures. Instead, this information was not fully disclosed until March 2018. While Plaintiff waited approximately 8 weeks after obtaining the information to file the instant motion, the Court does not find that delay to be undue.

Similarly, the Court finds that Defendants shall not be unfairly prejudiced by Plaintiff's initial proposed amendments. The heart of Plaintiff's Complaint remains the same and it does not appear that this case will be unreasonably delayed or that Defendants will have to invest significant additional resources litigating this matter if Plaintiff is permitted to make his proposed amendments. While the amendments Plaintiff seek to make might necessitate additional counsel being assigned to this matter and while they might result in additional taxpayers' monies being spent on this litigation, this additional expenditure of resources does not

---

[2] As noted above, proposed amendments are also properly denied when they are futile. Defendants in a single, conclusory statement suggest that certain of Plaintiff's proposed amendments are "likely" to be futile because of Plaintiff's failure to identify the newly proposed Defendant Officers in his Notice of Claim. (Def. Opp. at 12). Defendants provide no further detail for this position, nor do they support it with a citation to legal authority. Given Defendants' lack of explanation, the Court does not further address the potential futility of Plaintiff's proposed amendments herein; nor will the Court deny Plaintiff's motion on this ground. Instead, to the extent Defendants believe that one or more of Plaintiff's amendments are not viable, they can raise the issue in their response to Plaintiff's Amended Complaint.

amount to undue prejudice.  Further, while Defendants protest Plaintiff's long-winded and vague allegations, arguing that the Amended Complaint contains even more of same, Defendants were able to address Plaintiff's allegations as pled in the original Complaint and the Court has no doubt that they will be able to respond to Plaintiff's new allegations as well.  As a result, Plaintiff shall be permitted to amend his Complaint as requested in his opening moving papers.

Plaintiff shall not, however, be permitted to make the additional amendments included in his reply brief for the first time.  As Defendants argue, "'[i]t is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." (Def. Sur-Reply at 1 (quoting *Elizabeth Water*, 998 F.Supp. at 458).  While Plaintiff suggests that the case relied upon by Defendants to support this position, *Elizabethtown Water*, is inapposite because it addressed a motion for reargument and a request to strike a reply filed in response to a motion for summary judgment, Plaintiff is wrong.  The concept that replies are limited to responding to the non-moving party's arguments or reinforcing the moving party's **<u>original</u>** position is universal.  *See* Comment to L.Civ.R. 7.1 (stating "[a] reply brief is a tool of advocacy not contemplated by the Rules of Civil Procedure.  It is made available for the **<u>limited purpose</u>** of responding to the non-moving party's arguments or reinforcing the moving party's original position. (Emphasis added) (citing *Harbour Cove Marine Services, Inc. v. Rabinowitz*, No. Civ. 02-1695 (RBK), 2005 WL 1038957, at *4 (May 3, 2005) (same)).

As such, Plaintiff's request to further amend its Complaint to add Officers Ganzer and Scassera, and Lt. Yurkovic was inappropriately included in Plaintiff's reply brief.  Under these circumstances, the request could be stricken.  However, in lieu of striking the request, the Court substantively denies same as the Court finds that Plaintiff has failed to establish good cause under Rule 16(b)(4) for Plaintiff's late request to amend its pleading to add these defendants.

Plaintiff's conclusory statements that he "did not appreciate the culpability of the officers until the emphasis placed on th[em] and that "[i]t was unclear when this information was first provided in NBPD Confidential 000064, the importance of the role these officers played in the Plaintiff's care while in jail" are entirely unpersuasive. (Pl. Reply at 8). There is simply no reason Plaintiff failed to include these proposed officers in his original request to amend. No intervening acts occurred to bring them to Plaintiff's attention. Plaintiff, apparently, simply failed to appreciate their importance. At this juncture of the case, however, Plaintiff's failure does not support a finding of good cause. Therefore, Plaintiff's belated request to add Officers Ganzer and Scassera, and Lt. Yurkovic as defendants is denied.

### III. Conclusion

For the reasons state above, Plaintiff's motion to amend his Complaint is GRANTED in part and DENIED in part. An appropriate Order follows.

Dated: December 13, 2018

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**